

EXHIBIT A

# IN THE SUPERIOR/~~STATE~~ COURT OF RICHMOND COUNTY
## STATE OF GEORGIA

Susan Houck

CIVIL ACTION, NUMBER 2012 RCCV 1V5

**PLAINTIFF**

VS.

Board of Regents of the
University System of Georgia

**DEFENDANT**

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Stanley C. House
Sto. Box 915
Augusta, GA 30903-0915

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 16th day of March, 2012.

Clerk of Superior/~~State~~ Court

By _Miriam Rogers_
Deputy Clerk

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used. 0045

In the Superior Court of Richmond County, State of Georgia

Susan Houck )
)
    Plaintiff, )
)
    v. ) Civil Action Number:
)
) 2012 RCCV 165
Board of Regents of the University )
System of Georgia )
    Defendant ) MICHAEL N. ANNIS
)

## Complaint

COMES NOW Plaintiff herein and shows the Court the following:

1. Defendant Board of Regents of the University System of Georgia (BOR) operates Georgia Health Sciences University (GHSU), formerly known as Medical College of Georgia (MCG).

2. Defendant has designated its Secretary and Assistant Secretaries to the Board as agents for service of process. Service may be had on BOR by serving J. Burns Newsome or other designated individual at the Office of Legal Affairs, BOR, 270 Washington Street, SW, Atlanta, GA 30334.

3. GHSU operates in Augusta-Richmond County.

4. Venue is proper in Augusta-Richmond County.

5. Plaintiff has been an employee of Defendant since 1983.

6. Plaintiff was paid over-time until July 7, 2006.

7. For some years prior to and until July, 2006, Plaintiff's position title was Administrative Assistant 3.

8. In July, 2006 Defendant changed Plaintiff's job title to Administrative Associate, but her duties did not change.

0038

9. Beginning in July, 2006 Defendant began paying Plaintiff monthly instead of bi-weekly.

10. Defendant was advised by outside counsel in December, 2006 that Plaintiff's position, in the opinion of counsel, did not qualify for exemption from the overtime provisions of the Fair Labor Standards Act (FLSA).

11. Defendant intentionally ignored advice of counsel and did not pay Plaintiff overtime.

12. Defendant intentionally violated the FLSA in regards to paying Plaintiff.

13. Defendant's actions as set out in paragraphs (8)-(12), were for the specific purpose of avoiding paying Plaintiff the overtime she was due.

14. The applicable statute of limitations as regards Plaintiff's claim is three years.

15. From March, 2009 through January 4, 2011 Plaintiff's rate of pay was $23.15 per hour for a 40 hour week.

16. From March, 2009 through January, 4, 2011 Plaintiff worked at least 47.50 hours per week.

17. Plaintiff is owed 7.50 hrs. x $ 34.75/hr. per week for overtime, or a total of at least $260.625 per week for 96 weeks or $25,020.00 for overtime.

18. Plaintiff was not allowed to clock in or out during the period of time at issue.

19. The fluctuating workweek method is not applicable to this case.

20. During all times material to this complaint Defendant has been a covered entity under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, (FLSA).

21. During all times material to this complaint Defendant's Classification, Compensation, and Payroll policies have provided that overtime will be paid in accordance with the FLSA.

22. Defendant's Classification, Compensation, and Payroll activities have amounted to a contract with its employees.

23. Defendant communicated to its employees that they would be paid overtime in accordance with the FLSA.

24. During all times material to this complaint Plaintiff's work duties were such as would be render her employment subject to the FLSA.

25. Plaintiff employment by Defendant has been covered by FLSA.

26. Plaintiff is entitled to overtime pay at one and one-half times his regular rate for hours worked over 40 hours in any work week.

27. Plaintiff is entitled to an additional award equal to the total owed for overtime pay as liquidated damages, pursuant to 29 U.S.C. § 216 (a).

28. Plaintiff has found it necessary to employ an attorney to represent her in this matter and is entitled to an award of reasonable attorney fees and expenses of litigation.

WHEREFORE, Plaintiff prays recovery against Defendant for all overtime owed, liquidated damages, other amounts owed, and for reasonable attorney's fees and expenses of litigation.

This the 16th day of March, 2012.

Stanley C. House, LLC

*/s/ Stanley C. House*

Stanley C. House, Ga. Bar#369150
Attorney for Plaintiff
PO Box 915
Augusta, GA 30903-0915
706-722-3341

## Exhibit A

## CONSENT TO FILE PRIVATE ACTION UNDER FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201 *ET SEQ.*

I, Susan Houck, do hereby give my consent for Stanley C. House and Stanley C. House, LLC, to act as my attorney and file a private right of action under 29 U.S.C. § 201 *et seq.* and specifically to file an action for violation of the Fair Labor Standards Act overtime provisions. I understand this action will be filed against Board of Regents of the University System of Georgia or whatever state agency or the State of Georgia, whichever is/are appropriate, for all uncompensated pay and overtime that is due me for the past three years.

This the 16th day of March, 2012.

*Susan Houck*
Susan Houck



IN THE SUPERIOR COURT OF RICHMOND COUNTY
STATE OF GEORGIA

| | |
|---|---|
| SUSAN HOUCK, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * CIVIL ACTION FILE NO. |
| | * 2012RCCV165 |
| | * |
| BOARD OF REGENTS OF THE | * |
| UNIVERSITY SYSTEM OF GEORGIA, | * |
| | * |
| Defendant. | * |

**DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

COME NOW the Board of Regents of the University System of Georgia ("BOR"), Defendants in the above-styled action, by and through counsel, the Attorney General of the State of Georgia, and file this Answer and Defenses to the Plaintiff's Complaint ("Complaint")[1] and show the Court the following:

FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

SECOND DEFENSE

This Court lacks subject-matter jurisdiction over this action.

---

[1] Defendant has filed contemporaneously with this Answer a Notice of Removal and intends to file a Motion To Dismiss.

### THIRD DEFENSE

Defendant affirmatively denies that they are guilty of any wrongful act alleged in Plaintiff's Complaint.

### FOURTH DEFENSE

Plaintiff has not been deprived of any rights, privileges or immunities secured under the laws of the State of Georgia.

### FIFTH DEFENSE

Defendant has acted at all times upon the existence of reasonable grounds of belief formed at the time and in light of all circumstances known to it.

### SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by sovereign immunity.

### SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by Eleventh Amendment immunity.

### EIGHTH DEFENSE

Plaintiff's claims and remedies are barred, in whole or in part, by the applicable statute of limitations and/or laches.

## NINTH DEFENSE

Plaintiff's breach of contract claim should be dismissed because she did not have a written contract with the BOR.

## TENTH DEFENSE

Plaintiff is not due any overtime pay on the basis that BOR policies or activities amounted to a contract with its employees.

## ELEVENTH DEFENSE

Defendant asserts the affirmative defense of unclean hands.

## TWELVTH DEFENSE

Defendant asserts the affirmative defense of failure to mitigate damages.

## THIRETEENTH DEFENSE

Defendant reserves the right to raise any additional defenses allowed by law as evidence is discovered in pursuit of this litigation. Without waiving any defenses, Defendant responds to Plaintiff's Complaint as follows:

1.

Defendant admits that the allegations in paragraph 1 of the Complaint.

2.

Defendant admits the allegations in paragraph 2 of the Complaint.

3.

Defendant admits the allegation in paragraph 3 of the Complaint.

4.

Defendants state that paragraph 4 of the Complaint is a statement regarding venue of this Court and, as such, requires no responsive pleading from Defendant. To the extent a responsive pleading is required, Defendant admits that venue is proper in Augusta-Richmond County, but states that the case is subject to removal to the United States District Court, Southern District.

5.

Defendant admits the allegations in paragraph 5 of the Complaint.

6.

Defendant admits the allegations in paragraph 6 of the Complaint.

7.

Defendant admits the allegations in paragraph 7 of the Complaint.

8.

Defendant denies the allegations in paragraph 8 of the Complaint.

9.

Defendant admits the allegations in paragraph 9 of the Complaint.

10.

Defendant admits the allegations in paragraph 10 of the Complaint.

11.

Defendant denies the allegations in paragraph 11 of the Complaint.

12.

Defendant denies the allegations in paragraph 12 of the Complaint.

13.

Defendant denies the allegations in paragraph 13 of the Complaint.

14.

The allegation in paragraph 14 of the Complaint is a conclusion of law to which no responsive pleading is required. However, Defendant denies the allegations in paragraph 14 of the Complaint.

15.

Defendant denies the allegations in paragraph 15 of the Complaint, but states by way of further information, that during the relevant time period, Plaintiff's rate of pay was $23.16 per hour.

16.

Defendant denies the allegations in paragraph 16 of the Complaint.

17.

Defendant denies the allegations in paragraph 17 of the Complaint.

18.

Defendant denies as stated the allegations in paragraph 18 of the Complaint, but states by way of further information, that Plaintiff's job did not require her to clock in or out.

19.

The allegation in paragraph 19 of the Complaint is a conclusion of law to which no responsive pleading is required. However, Defendant denies the allegations in paragraph 19 of the Complaint.

20.

Defendant admits the allegations in paragraph 20 of the Complaint.

21.

Defendant admits the allegations in paragraph 21 of the Complaint.

22.

The allegation in paragraph 22 of the Complaint is a conclusion of law to which no responsive pleading is required. However, Defendant denies the allegations in paragraph 22 of the Complaint.

23.

Defendant admits the allegations in paragraph 23 of the Complaint.

24.

Defendant denies the allegations in paragraph 24 of the Complaint.

25.

Defendant denies as stated the allegations in paragraph 25 of the Complaint.

26.

Defendant denies the allegations in paragraph 26 of the Complaint.

27.

Defendant denies the allegations in paragraph 28 of the Complaint.

a

28.

Defendant denies the allegations in paragraph 28 of the Complaint.

Defendant states that the paragraph following paragraph 28 contains a prayer for relief and, therefore, requires no response from Defendant. To the extent a response is required, Defendant denies that Plaintiff's rights have been violated in any way or that Plaintiff is entitled to any relief whatsoever from Defendant.

Defendant denies any allegation contained in Plaintiff's Complaint that is not specifically admitted or denied herein.

WHEREFORE, having answered fully, Defendant hereby prays that they be discharged with all costs taxed against Plaintiff.

Respectfully submitted,

SAMUEL S. OLENS                                   551540
Attorney General

DENNIS R. DUNN                                    234098
Deputy Attorney General

_____
ANNETTE M. COWART                                 191199
Senior Assistant Attorney General

_____
LAURA W. MCDONALD                                 681655
Senior Assistant Attorney General

PLEASE SERVE:

LAURA W. MCDONALD
Senior Assistant Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia   30334-1300
(404) 656-3384
(404) 657-9932 (fax)
lmcdonald@law.ga.gov

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served the within and foregoing **DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**, on the same day as filing the same, by depositing a copy thereof, postage prepaid, in the United States Mail, properly addressed to the following:

>  Stanley C. House, Esq.
>  P.O. Box 915
>  Augusta, Georgia 30903-0915

This 2nd day of May, 2012.

*/s/ Laura W. McDonald*
LAURA W. MCDONALD          681655
Senior Assistant Attorney General

C

IN THE SUPERIOR COURT OF RICHMOND COUNTY
STATE OF GEORGIA

| | |
|---|---|
| SUSAN HOUCK, | * |
| | * |
| Plaintiff, | * |
| | * |
| | * CIVIL ACTION FILE NO. |
| v. | * 2012RCCV165 |
| | * |
| BOARD OF REGENTS OF THE | * |
| UNIVERSITY SYSTEM OF GEORGIA, | * |
| | * |
| Defendant. | * |

### SUPERIOR COURT NOTICE OF REMOVAL

**TO: The Clerk of the Richmond County Superior Court**

Please take notice that the undersigned has filed in the United States District Court for the Southern District of Georgia, Augusta Division, the attached Notice of Removal, a copy which is attached hereto as Exhibit 1.

Defendant hereby gives notice of such removal in accordance with the provisions of federal law. By virtue of law the aforesaid case is now removed and all further proceedings in the Superior Court of Richmond County are stayed.

This 2nd day of May, 2012.

Respectfully submitted,

SAMUEL S. OLENS                                  551540
Attorney General

DENNIS R. DUNN                                   234098
Deputy Attorney General

_____
ANNETTE M. COWART                    191199
Senior Assistant Attorney General

_____
LAURA W. MCDONALD                    681655
Senior Assistant Attorney General

PLEASE SERVE:

LAURA W. MCDONALD
Senior Assistant Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia  30334-1300
(404) 656-3384
(404) 657-9932 (fax)
lmcdonald@law.ga.gov

2

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the within and foregoing **SUPERIOR COURT NOTICE OF REMOVAL** on the same day as filing the same by depositing a copy thereof in the U.S. Mail with adequate postage thereon and properly addressed to the following:

>Stanley C. House, Esq.
>P.O. Box 915
>Augusta, Georgia 30903-0915

This 2nd day of May, 2012.

*Laura W. McDonald*
LAURA W. MCDONALD                         681655
Senior Assistant Attorney General